# United States District Court
# Northern District of Indiana

| | |
|---|---|
| LARRY WALLEN, | |
| Plaintiff, | |
| v. | Civil Action No. 1:15-CV-111 JVB |
| MAPLETREE TRANSPORTATION INC., | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Larry Wallen sued Defendant Mapletree Transportation Inc. for negligence, failure to provide insurance, and failure to pay him. Defendant has moved for summary judgment on Count I of his complaint, the negligence count (DE 23), and to strike certain evidence (DE 30). The Court held oral argument on the motions on December 13, 2016. For the following reasons, the motions are granted.

**A. Summary Judgment Standard**

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of

the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.     Facts**

The following facts are assumed to be true for the purpose of summary judgment. Wallen has been a truck driver for about fifty-four years. On December 10, 2014, in Centerville, Michigan, he picked up a trailer belonging to Mapletree carrying three campers that he was to deliver to Canada for Mapletree. He was driving his own Peterbilt truck. From Centerville he traveled to a Mapletree facility in Middlebury, Indiana, to have Jeff Reinhold, the shop manager, look at the trailer's automatic brake system ("ABS"). He was concerned because the ABS indicator light on the trailer did not come on when he turned on the ignition. Reinhold discovered that the cord from the trailer to the indicator light had been cut, but would not fix it,

2

telling Wallen that he, Reinhold, would be fired if he did so. Wallen then drove to Shipshewana Trailer to have the trailer repaired but was sent back to Mapletree where Anita, a Mapletree employee, told him that if he didn't go on the trip he wouldn't have a job

Throughout the course of the trip Wallen recorded daily in his logbook (which has been lost) that the ABS light didn't work and that the wire had been cut. While on his trip, he took the trailer to someone in Alexandria, Minnesota, whom he told that the ABS light would not come on and that the brakes were not working, but the man would not work on the trailer. Throughout the trip the regular brakes on the trailer were working, according to Wallen. Wallen believes that the trailer ABS was not working properly because the trailer always pulled to the left when he rounded a corner or curve to the right, regardless of whether he applied the brakes.

On the morning of December 22, 2014, Wallen left Seattle, headed toward Kamloops, British Columbia. At about 2:30 pm he was traveling north on Highway 99 when he came to the top of a hill with a bridge at the foot of the hill. He was traveling at less than 15 kilometers per hour down the hill toward the bridge. The road was dry. After he hit a bump at the top of the hill, he saw in his mirror that the trailer was sliding left and noticed that its tires were not rolling but were locked and kicking up rocks. Wallen never used the brakes the entire time the vehicle moved down the hill. The trailer hit the bridge and the truck cab fell into the water below. Wallen thinks that the ABS failed because hitting the bump made the trailer slide sideways and caused the wheel to lock up. Wallen had no other experience with the failure of a trailer ABS in the course of his trucking career. In his complaint, Wallen asserts that Mapletree had a duty to provide him with a trailer with working brakes, and that it negligently failed to do so.

In support of its motion for summary judgment, Mapletree submitted the Federal Rule of

Civil Procedure 26(a)(2) expert witness report prepared by Fred Monick and authenticated by his affidavit. Wallen does not challenge Monick's expertise with regard to automatic brake systems. Monick gave the following opinions, which he holds to a reasonable degree of engineering certainty:

1. The ABS unit cannot apply the brakes independently of the driver in any failure mode.

2. The failure of the ABS unit will not cause the trailer to off track in a turn absent a hard brake application by the driver.

3. Failure of the ABS unit will not cause the brakes to lock absent a hard application by the driver.

4. Failure of the trailer ABS lamp to work does not mean that the ABS unit was not working.

5. The accident as described by Wallen was not caused by an ABS failure.

6. The most likely cause of the accident was a combination of poor road conditions and excessive speed for the road conditions, causing the tractor-trailer to take a wider turn than Wallen anticipated.

In his report, Monick explained how ABS units work:

The ABS unit is actually a computer controlled relay valve that has the capability to modulate or reduce the air pressure sent to the service brakes in the event that a wheel stops rotating or is decelerating such that it will stop rotating under braking. Keeping the wheels rotating helps stabilize the vehicle under hard braking. The ABS unit performs this by monitoring the rotation of the two trailer wheels via a speed sensor on each wheel end. Under normal braking, the ABS unit has no effect on the brakes. If it should detect impending lockup, the modulator valve will either limit the pressure to the brakes or reduce the pressure to the brakes, allowing the wheel to keep rolling during braking. The single modulator ABS unit applies and modulates both the left and right brakes simultaneously.

The pressure to the service brakes is controlled by the driver's actuation of the treadle (brake pedal) or hand valve. If the driver does not apply the service brake, there is no air signal to the relay valve and no braking will occur. The ABS unit cannot apply signal air to the relay valve. It can only release it. Therefore the

> ABS cannot affect the braking of the trailer without the service brakes being applied by the driver . . .. It can never apply more air pressure than [is] being directed by the driver.
>
> If the trailer is rolling down the road and the driver is not applying the brakes, the ABS unit cannot apply the brakes.

(Def. Ex. D, DE 23-4, 8–9.)

Monick further explained in his report:

> [T]he ABS unit cannot apply the brakes. It has no mechanism or authority to apply the brakes, it can only hold or reduce a pressure level such that it is equal to or less than the air pressure signal being sent to the ABS valve by the driver. If the driver is not sending a signal by stepping on the brakes or applying the hand valve, the ABS unit cannot apply the brakes under any circumstances. Since the ABS unit cannot apply the brakes, it cannot affect the tracking of the trailer when the brakes are not applied . . ..

(*Id.* at 10.)

Wallen has offered no expert testimony as to the cause of the accident.

## C. The Motion to Strike

Mapletree has moved to strike a portion of Wallen's deposition testimony that he relies on to oppose its motion for summary judgment. Wallen quotes the man he took the trailer to in Alexandria, Minnesota, as saying he wouldn't touch the trailer with a ten-foot poll and that it would take a small fortune to straighten out the wiring. Mapletree asserts that these statements are offered as evidence that there was something wrong with the trailer or the ABS, making them hearsay under Federal Rule of Evidence 801(c).

Evidence relied on for the purpose of summary judgment must be of a type admissible at trial. Thus a party may not rely upon inadmissible hearsay to oppose summary judgment. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). Wallen does not

deny that the statements of the Minnesota man are offered to prove the ABS was not working properly. Indeed, he did not respond to the motion and conceded at oral argument that it should be granted. Accordingly, Mapletree's motion to strike will be granted and the statements will be stricken.

**D.     Summary Judgment**

To establish a claim for negligence under Indiana law, a plaintiff must prove that the defendant owed him a duty of care at the time of the injury, that defendants behavior didn't conform to that standard of care; and that the plaintiff's injuries were proximately caused by the defendant's breach of the duty of care. *Neal v. Cure*, 937 N.E.2d 1227, 1236 (Ind. Ct. App. 2010).

Mapletree insists that because Wallen has offered no expert testimony on the subject, there is no evidence from which a jury could find that a trailer brake malfunction caused his tractor to fall off the bridge. The Court agrees. How a trailer ABS behaves when it is not working properly is not a matter of common knowledge. Wallen does not purport to be an expert on ABS units. Monick, Mapletree's expert, has provided evidence that a faulty ABS could not activate the brakes on the trailer or cause them to lock spontaneously, which is what Wallen maintains happened. Wallen's theory that an ABS failure caused the trailer wheels to lock is his inexpert guess as to the cause of the accident, which has been debunked by Monick's expert testimony that an ABS failure could not have caused it. As Monick explained, the ABS is not capable of activating the brakes, but can only reduce brake pressure if the brakes are activated by the driver. Thus, Wallen has failed to show the existence of an element essential to his

negligence claim.

At oral argument Wallen conceded that a faulty ABS unit on the trailer did not cause the accident, but contended that his complaint is broad enough to embrace a general negligence claim against Mapletree on the basis of his observation that the trailer pulled to the left. He now claims the pulling to the left caused the accident. However, his complaint specifically stated that the failure of the ABS unit caused the accident and that is the theory he advanced in his response to Mapletree's motion for summary judgment. Mapletree had no notice of any other theory. Moreover, Wallen has pointed to no evidence that would tend to prove that Mapletree knew about this behavior of the trailer. He cannot at this late date, long after discovery has closed, adopt an entirely different theory of liability.

Wallen also contends that he has a negligence per se claim against Mapletree because, pursuant to federal regulation, it was required to provide him with a semitrailer equipped with an external ABS malfunction indicator lamp and a working ABS. But as Mapletree points out, he has presented no competent evidence that the trailer's ABS was not working. While his testimony that the indicator lamp was not working is undisputed, that is not evidence that the ABS was not working. To survive summary judgment on a negligence per se theory, he must present evidence that the violation of law caused his injury. *See Conway v. Evans*, 546 N.E.2d 1092, 1095 (Ind. Ct. App. 1990). (Violation of a statute raises no liability for injury to another unless the injury was the result of the violation.) On causation Wallen offers not evidence but merely speculation.

**E.     Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendant's motion to strike (DE 30) and its motion for partial summary judgment (DE 23). Count I of Plaintiff's complaint is dismissed with prejudice.

SO ORDERED on December 22, 2016.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division
